UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WEIQING YAN,

    Plaintiff,

v.

EQUAAN D. SMITH, et al.,

    Defendants.

Case No. 25-cv-06481-JD

**ORDER RE REMAND**

Plaintiff Weiqing Yan filed an unlawful detainer action in the Alameda County Superior Court against defendants Equaan Smith, Russell Robinson, and Ruslan Vdovicenco. Vdovicenco, acting pro se, filed a notice of removal alleging federal question jurisdiction on the basis of his belief that Yan violated the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5201 *et seq.* (PTFA). Dkt. No. 1. Vdovicenco subsequently filed a "counter-complaint" against Yan and others on claims of breach of an oral agreement and unlawful eviction. Dkt. No. 8. Yan asks to remand the case to state court, Dkt. No. 12, and to strike Vdovicenco's counter-complaint, Dkt. No. 13. She requests an award of attorneys' fees for the remand motion. Dkt. No. 12 at 7-8. The parties' familiarity with the record is assumed, and the case is remanded to Alameda County Superior Court.

Yan's complaint did not furnish a basis for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint alleges only a claim of unlawful detainer under California state law. Dkt. No. 1 at ECF p. 7-9. Vdovicenco's belief that the PTFA may be a defense to unlawful detainer is not grounds for removal to federal court. A federal defense to a state law claim does not create federal question jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 393. "In addition, the Ninth Circuit has held there is no private cause of action under the

PTFA for [Vdovicenco] to theoretically assert" as an affirmative claim. *Van-Greunen*, 2025 WL 1870750, at *1 (citing *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169-73 (9th Cir. 2013)).

Vdovicenco did not seek removal based on diversity jurisdiction, and the Court concludes that it cannot exercise diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship of each plaintiff from each defendant, and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a); *Healy v. FCA US LLC*, No. 20-cv-01802-JD, 2020 WL 3868799, at *2 (N.D. Cal. July 9, 2020) (quoting *Caterpillar Inc.*, 519 U.S. at 68). Yan's complaint expressly stated that the amount in controversy did not exceed $10,000. Dkt. No. 1 at ECF p. 7. Vdovicenco did not prove "by a preponderance of the evidence" that the damages incident to the allegedly unlawful possession exceed $75,000. *Coleman v. Hat World, Inc.*, No. 23-cv-03437-JD, 2024 WL 422079, at *1 (N.D. Cal. Feb. 5, 2024). In addition, a case "may not be removed" under 28 U.S.C. § 1332(a) if any party "served as [a] defendant[ ] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The complaint indicates that defendants resided in the at-issue property in California, and nothing in Vdovicenco's removal papers suggested they do not live in California or should not be considered residents of California.

The request for attorneys' fees is denied. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Healy*, 2020 WL 3868799, at *3 (quoting 28 U.S.C. § 1447(c)). "The standard for awarding fees turns on the 'reasonableness of the attempted removal.'" *Id.* (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). "'Absent unusual circumstances,' the Court may award attorney's fees under Section 1447(c) 'where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "But 'removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Id.* (quoting *Lussier*, 518 F.3d at 1065). "Put plainly, fees and costs will not be awarded just because a remand is granted." *Id.*

Although the notice of removal was not well taken, Vdovicenco is a pro se litigant facing eviction, and is entitled to some benefit of the doubt. An award of attorney's fees is not warranted in these circumstances.

The case is remanded to Alameda County Superior Court. The motion to strike is terminated without prejudice.

**IT IS SO ORDERED.**

Dated: October 21, 2025

JAMES DONATO
United States District Judge

3